**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

FRANKLIN RODRIGUEZ,

Petitioner,

v.

WARDEN, OTAY MESA DETENTION CENTER,

Respondent.

Case No. 26-cv-04107-BAS-DDL

**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 6)**

Petitioner Franklin Rodriguez filed an Amended Habeas Petition pursuant to 28 U.S.C. § 2241, claiming in part that he was improperly detained after he was paroled into the United States. (ECF No. 6.) The Government filed a Return stating that, based on the Court's past decisions, it "does not oppose the petition" and defers to the Court as to the appropriate relief. (ECF No. 8.) For the reasons stated below, the Court **GRANTS** the Amended Petition and orders that Petitioner be released on the same terms and conditions as he was previously released.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner, a citizen of Cuba, entered the United States in December 2022, seeking asylum. (ECF No. 6.) He was released into the United States pursuant to the Cuban Humanitarian Parole Program after Immigration and Customs Enforcement ("ICE") determined he was not a flight risk or danger to the community. (ECF No. 8, Ex. 1.)

In June 2026, Petitioner was arrested for prostitution in Miami; however, no charges were filed. (ECF Nos. 6, 8, Ex. 1.) ICE detained him without notice or an opportunity to be heard on whether the charges were correct or warranted revocation of his parole. (*Id.*) Petitioner seeks immediate release. (ECF No. 6.)

## III. ANALYSIS

Petitioner's re-detention without notice or an opportunity to be heard violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

//

//

//

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

Because ICE released Petitioner upon finding he was not a flight risk or a danger to the community in December 2022, Petitioner is entitled to remain released on the same conditions as he was initially released. If ICE believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner with an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS** the Amended Petition.

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

> The Court **ORDERS** that Franklin Rodriguez (A# 240-093-884) be released on the same terms and conditions on which he was previously released in December 2022.

The Clerk of Court shall close the case.

**IT IS SO ORDERED.**

**DATED: August 24, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**